UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| CRAIG ASHLEY JENKINS | } | CASE NO. 19-80930-CRJ-7 |
| SSN: XXX-XX-8254 | } | |
| AMBER JOY JENKINS | } | |
| SSN: XXX-XX-9326 | } | CHAPTER 7 |
| | } | |
| Debtor(s). | } | |

**MEMORANDUM OPINION ON ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT AND ON DEBTORS' MOTION FOR CONTEMPT CITATION AND SANCTIONS**

This case came before the Court on September 4, 2019 upon Order Requiring the Jackson County Solid Waste Department to Show Cause Why Defendant Should not be Held in Contempt and Sanctions Imposed; Debtors' Motion for Contempt Citation and Sanctions, and on Amended Response to Motion for Contempt Citation and Sanctions. Appearances were made by Kevin D. Heard, Esq., counsel for the Debtors, and John F. Porter, III, Esq., counsel for the Jackson County Solid Waste Department (hereinafter the "Defendant" or "Jackson County").[1]

During the hearing, the Defendant argued that it should not be held in contempt and sanctions should not be imposed because the Debtors' failure to pay for prepetition solid waste collection services constitutes a misdemeanor which is punishable by fine or penalty under the Solid Wastes and Recyclable Materials Management Act.[2] Accordingly, the Defendant argued that the debt was excepted from discharge pursuant to 11 U.S.C. § 523(a)(7) as a debt for a fine or penalty payable to a governmental unit.

---

[1] Jackson County, a political subdivision of the State of Alabama, operates the Jackson County Solid Waste Department, which is not a separate legal entity. *See* Amended Response to Motion for Contempt Citation and for Sanctions, ECF No. 34.

[2] *See* ALA. CODE (1975), § 22-27-1 et seq.

The issue of dischargeability under § 523(a)(7) may be raised at any time because the requirement under Rule 4007(c) of the Federal Rules of Bankruptcy Procedure that a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c)(1) must be filed within sixty days after the first date set for the § 341 Meeting of Creditors is limited on its face to debts obtained by false pretenses, fraud or defalcation, and willful and malicious injury under subsections 523(a)(2), (4) and (6). Debts which constitute a fine, penalty, or forfeiture for purposes of subsection 523(a)(7) are "automatically nondischargeable, under the general rule prescribed in the opening clause of § 523(a)(providing that a 'discharge under section 727 of this title does not discharge an individual debtor from any debt' listed in the paragraphs that follow)."[3] Accordingly, the Court entered an Order Requiring Briefs on September 6, 2019, directing the parties to specifically address the issue of dischargeability under § 523(a)(7).[4]

The parties timely submitted their respective briefs on September 25, 2019 and the Court took the matter under advisement.[5] The Court has now considered the pleadings and briefs, the undisputed facts, and the applicable law, and makes the following findings of fact and conclusions of law pursuant to Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure.[6]

---

[3] *See Kelly v. Robinson,* 479 U.S. 36 n. 4 (1986).
[4] Order Requiring Briefs, ECF No. 36.
[5] *See* Brief in Opposition to the Motion for Contempt Citation, ECF No. 38, and Memorandum in Support of Motion for Contempt Citation and for Sanctions, ECF No. 39.
[6] To the extent any of the Court's findings of fact constitute conclusions of law, they are adopted as such. Alternatively, to the extent any of the Court's conclusions of law constitute findings of fact, they are adopted as such.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On March 25, 2019, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On Schedule E/F - Creditors Who Have Unsecured Claims, the Debtors listed Jackson County Solid Waste as an unsecured creditor in the amount of $1,000. Without objection from the Defendant, the Court entered the Debtors' discharge on July 8, 2019 which relieved the Debtors "from their personal liability on their discharged debts and generally barred creditors from taking actions to collect those debts."[7] On July 23, 2019, the Court entered an Order closing the Debtors' Chapter 7 case.[8]

It is undisputed that three days later on July 26, 2019, Randy Haynes, an Enforcement Officer for Jackson County Solid Waste, appeared at the Debtors' home and left a business card stating, "arrest warrant pending for violation of solid waste laws. . ."[9] On July 29, 2019, counsel for the Debtors took immediate action by filing a Motion for Contempt Citation and Sanctions pursuant to which the Debtors seek an order finding the Defendant in civil contempt for violating the discharge injunction issued by this Court. In its Amended Response to Motion for Contempt Citation and Sanctions, the Defendant states that although Jackson County has a right to pursue the collection of past due solid waste statements by civil action, the Defendant "has no intention of pursuing the collection of this debt by civil collection means and methods, and has made no effort to do so since becoming aware of the Bankruptcy Petition, after the Order of Discharge was entered."[10]

---

[7] *Sellers v. Rushmore Loan Mgmt. (In re Sellers),* 2019 WL 5558080 *1 (11th Cir. 2019).
[8] Order Discharging Trustee, Releasing Bond Liability and Closing Case, ECF No. 19.
[9] Motion for Contempt Citation and for Sanctions, ECF No. 20.
[10] *See* Amended Response to Motion for Contempt Citation and for Sanctions, ECF No. 34.

3

Pursuant to 11 U.S.C. § 524(a)(2), the discharge of a debt "operates as an injunction against . . . an act . . . to recover any debt as a personal liability of the debtor."[11] The discharge injunction "bars creditors from collecting any debt that has been discharged."[12] If a creditor violates the discharge injunction, a bankruptcy court may exercise its authority under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out" the injunction, including imposing civil contempt sanctions "to coerce the defendant into compliance."[13]

By barring any action to collect or recover a discharged debt as a personal liability of a debtor, the discharge injunction plays a vital "role in achieving the Bankruptcy Code's overall policy aim of giving a debtor a 'fresh start.'"[14] In the case of *Green Point Credit, LLC v. McLean (In re McLean)*, the Eleventh Circuit examined the text of the statute, after finding the text to be ambiguous and reviewing its legislative history, the Court of Appeals joined "other circuits in concluding that § 524(a)(2) is an expansive provision designed to prevent any action that has the effect of pressuring a debtor to repay a discharged debt . . ."[15] The Court of Appeals explained the breadth of the discharge injunction, writing:

> Legislative history demonstrates clearly that the purpose of the statute is to 'eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts.' H.R. Rep. No. 95-595, at 365-66 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 631. And Congress meant no doubt whatsoever: '[Section 524] is intended to insure that once a debt is discharged, *the debtor will not be pressured in any way to repay it*. In effect, the discharge extinguishes the debt, and creditors may not attempt to avoid that.' *Id.* at 366 (emphasis added).[16]

---

[11] 11 U.S.C. § 524(a)(2).
[12] *Taggart v. Lorenzen (In re Taggart)*, 139 S.Ct. 1795, 1800 (2019).
[13] *Id.* at 1801.
[14] *Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313, 1321 (11th Cir. 2015).
[15] *Id.* at 1320-21.
[16] *Id.* at 1321.

4

The Defendant argues that it is not barred by the discharge injunction in this case, neither presently nor in the future, from pursuing criminal charges against the Debtors because the prepetition debt for solid waste collection services was excepted from the Debtors' Chapter 7 discharge pursuant to 11 U.S.C. § 523(a)(7) under which a debt is excepted from discharge to the extent the debt is "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not for compensation for actual pecuniary loss,"[17] other than certain tax penalties which are inapplicable in this case.

Given the Bankruptcy "Code's basic purpose of 'relieving the honest debtor from the weight of oppressive indebtedness and permitting him to start afresh, *exceptions to discharge are to be construed narrowly*."[18] Thus, for the debt at issue to be excepted from discharge under § 523(a)(7), the Defendant must establish by a preponderance of the evidence that the debt (i) is a 'fine, penalty, or forfeiture,' (ii) that is 'payable to and for the benefit of a governmental unit,' and (iii) that the debt is 'not compensation for actual pecuniary loss.'[19] There is no dispute that the Defendant, as a political subdivision of the State of Alabama, is a governmental unit for purposes of § 523(a)(7). There is a dispute regarding the other elements, however.

The Debtors argue that the prepetition debt owed to the Defendant for monthly solid waste collection services is not a debt based on a "fine, penalty, or forfeiture" for purposes of § 523(a)(7). Instead, the Debtors argue that the Defendant's primary purpose in seeking to collect the prepetition debt is not penal, but compensatory as the Defendant's reliance upon ALA. CODE § 22-

---

[17] 11 U.S.C. § 523(a)(7).
[18] *Schaffer v. Louisiana State Board of Dentistry,* 515 F.3d 424, 429 (5th Cir. 2008).
[19] *See Schaffer v. Louisiana State Board of Dentistry,* 515 F.3d at 427; *Whitehouse v. LaRoche*, 722 F.3d 568, 573 (1st Cir. 2002). *See also Grogan v. Garner*, 498 U.S. 279, 286-88(1991)(explaining that the standard of proof to be applied in all § 523(a) dischargeability proceedings is "the ordinary preponderance-of-the-evidence standard.").

5

27-1, et seq. demonstrates that the debt at issue is meant to reimburse the Defendant for the amount of the Debtors' prepetition bill for trash collection services which the Debtors were unable to pay prior to seeking bankruptcy relief.

The Defendant counters that the Debtors' failure to participate in Jackson County's mandatory Solid Waste Collection Program and to pay for the prepetition services provided by the Defendant, constitutes a "potential criminal misdemeanor punishable by fine" under Alabama law.[20] As explained by the Fifth Circuit in the case of *Schaffer v. Louisiana State Board of Dentistry,* for purposes of § 523(a)(7) "'[t]he definitions of penalty and fine reflect the traditional understanding of these terms as punitive or penal sanctions imposed for some form of wrongdoing.'"[21]  While the statute at issue in *Schaffer* allowed the governing body to impose a fine *in addition* to costs, the State Board chose only to assess costs against the debtor during a dental license revocation proceeding.  The Court of Appeals found that it did not necessarily follow that the costs imposed were a penalty under § 523(a)(7) because the exception "excludes from discharge only those [fines, penalties or] forfeitures imposed because of misconduct or wrongdoing by the debtor."[22]

In this case, the Solid Wastes and Recyclable Materials Management Act authorizes the governing body of each county to adopt rules and regulations providing for mandatory public participation in and subscription to solid waste disposal services.[23]  When a solid waste disposal account becomes delinquent, § 22-27-7 of the Code of Alabama permits the governing body to

---

[20] Brief in Opposition to Motion for Contempt Citation at 2, ECF No. 38.
[21] *Schaffer v. Louisiana State Board of Dentistry,* 515 F.3d 424, 427 (5th Cir. 2008)(quoting *In re Hickman*, 260 F.3d 400, 404 (5th Cir. 2001)).
[22] *Schaffer v. Louisiana State Board of Dentistry,* 515 F.3d at 428(quoting *In re Hickman*, 260 F.3d at 401).
[23] *See* ALA. CODE §§ 22-27-3 and 22-27-6 (1975).

Case 19-80930-CRJ7    Doc 40    Filed 11/04/19    Entered 11/04/19 15:36:07    Desc Main
Document    Page 6 of 13

institute criminal proceedings against the delinquent party. The statute provides, in relevant, part as follows:

> . . . . Any person violating any provision of this article or any rule or regulation made pursuant to this article shall be guilty of a misdemeanor and, ***upon conviction,*** shall be fined not less than $50.00 nor more than $200.00, and, if the violation or failure or refusal to obey or comply with such provision of this article or such rule or regulation is a continuing one, each day's violation shall constitute a separate offense and shall be punished accordingly. . . . . Any person, firm or corporation which has not been issued a certificate of exception under subsection (g) of Section 22-27-3 and which utilizes the solid waste disposal system of any county or municipality and which fails to pay the fee, rate or charge established by the county commission or municipal governing body therefor shall be guilty of a misdemeanor and shall be punished as provided in this section. All citations to violators of this article shall be served by any lawful officer or by the solid waste officer.[24]

Section 22-27-6(b) of the Code of Alabama further provides that whenever "the solid waste officer shall find that any person . . . has failed to subscribe to the county solid waste collection program and pay the required solid waste collection and disposal fees . . . such failure shall constitute a public nuisance."[25] If the individual fails to pay the required fees, the solid waste officer "*shall institute or cause to be instituted proceedings as provided in § 22-27-7 against such delinquent before any court having jurisdiction of such offense*."[26] No required proceedings were instituted against the Debtors.

According to the Defendant, the card left at the Debtors' home, stating "arrest warrant pending," is the first step in Jackson County's informal process of pursuing criminal charges against a delinquent party. Jackson County argues in its brief as follows: "**If** Jackson County chooses to pursue a criminal charge against these debtors under § 22-27-7, Code of Alabama 1975, as amended, **then** all three of the requirements of 11 U.S.C. § 523(a)(7) set forth above will be

---

[24] ALA. CODE § 22-27-7 (1975) (emphasis added).
[25] ALA. CODE § 22-27-6(b)(1975).
[26] ALA. CODE § 22-27-6(b)(1975) (emphasis added).

7

satisfied . . ."[27]  Yet, Jackson County cites no legal authority for the retroactive creation of an exception to discharge. At the time the discharge was granted, no exception to the discharge existed. While it is clearly arguable that a prepetition order by a court of competent jurisdiction imposing a fine or penalty pursuant to ALA. CODE § 22-27-7 in favor of Jackson County would be nondischargeable under § 523(a)(7) of the Bankruptcy Code, no such order existed when the Debtors sought bankruptcy relief nor when the Court issued their discharge order relieving them from their personal liability on the prepetition debt.

The Defendant's brief relies on cases in which courts have held that state court restitution orders entered in a criminal proceeding are excepted from discharge under § 523(a)(7). *See Kelly v. Robinson*, 479 U.S. 36, 50 (1986)(finding that § 523(a)(7) "preserves from discharge any condition a state criminal court imposes as part of a criminal sentence"); *Warfel v. City of Saratoga*, 268 B.R. 205 (B.A.P. 9th Cir. 2001)(excepting a post-probation civil judgment for unpaid restitution from discharge as a fine or penalty under § 523(a)(7)); and *Utah v. Troff*, 329 B.R. 85 (D. Utah 2005)(excepting a court-ordered restitution obligation from discharge).[28]  However, as admitted in Jackson County's brief, "In the above cited cases . . . criminal restitution orders had already been entered by a criminal court. In the case presently before the court, no such restitution order has been entered . . . ."[29]  It is, thus, uncontested that no fine, penalty or forfeiture existed when the discharge was granted by this Court for purposes of § 523(a)(7) because Jackson County never instituted nor caused to be instituted a proceeding against the Debtors under ALA. CODE

---

[27]  *See* Brief in Opposition to Motion for Contempt Citation, ECF No. 38, (emphasis added).
[28]  *Id.*
[29]  *Id.*

8

§ 22-27-7. Accordingly, no fine or penalty has been assessed against the Debtors for purposes of § 523(a)(7), nor can one be assessed post-discharge.

Eleventh Circuit precedent regarding § 523(a)(7) assumes the existence of an assessed fine, penalty, or forfeiture, not the potential for one. In the case of *Disciplinary Bd. v. Feingold (In re Feingold)*, 730 F.3d 1268 (11th Cir. 2013), the Eleventh Circuit held that costs and expenses assessed against an attorney by a state court for the unlawful practice of law were in the nature of a fine or penalty within the meaning of § 523(a)(7). The Court of Appeals explained that the assessment of $44,889.82 for costs and expenses associated with the disciplinary proceedings shared a common goal with restitution orders issued in state criminal proceedings in that both served the ultimate goal of protecting the public. Given the purpose of the statute at issue, i.e. deterrence and protection of the public, the Eleventh Circuit concluded that the judgment was "effectively a 'fine, penalty, or forfeiture' within the meaning of § 523(a)(7)."[30]

Due process requires the existence of a criminal restitution order or civil judgment assessing a fine or penalty against the Debtors before the exception to discharge under § 523(a)(7) is applicable under the circumstances of this case. Accordingly, the Court finds that the Defendant failed to establish by a preponderance of the evidence that the debt at issue constitutes a 'fine, penalty, or forfeiture" within the meaning of § 523(a)(7).

The Court further finds that the Defendant failed to establish by a preponderance of the evidence that the debt is "not compensation for actual pecuniary loss" for purposes of § 523(a)(7). Admittedly, the Defendant contends that it has a "right to pursue the collection of past due solid waste statements by civil action. . . . " under Alabama's Solid Wastes and Recyclable Materials

---

[30]    *Disciplinary Bd. v. Feingold (In re Feingold)*, 730 F.3d 1268,1275 (11th Cir. 2013).

Management Act.[31] Clearly, the Defendant's actions in sending an enforcement officer personally to contact the Debtors about payment of their prepetition debt for services rendered evidences that Jackson County's post-discharge actions sought to recover "compensation for actual pecuniary loss" to Jackson County.

As explained by the Eleventh Circuit, the "not compensation for actual pecuniary loss" element of § 523(a)(7), requires the Court to "look to the context in which the penalty [was] imposed to determine whether its purpose is truly compensatory."[32] Courts have consistently found that fines or penalties actually assessed against debtors for violating environmental protection laws constitute a 'fine, penalty, or forfeiture' within the meaning of § 523(a)(7) where such civil and criminal penalties "serve a 'punitive' or 'rehabilitative' purpose, rather than serve as compensation to the government."[33] Here, the Defendant seeks merely to collect a prepetition debt for solid waste collection fees. While any penalty assessed by a competent court pursuant to Alabama's Solid Wastes and Recyclable Materials Management Act may well constitute a 'fine, penalty, or forfeiture' within the meaning of § 523(a)(7), at the time the Debtors filed for bankruptcy protection and the discharge was granted, no criminal proceeding had been initiated and no order had been entered by any court that granted a "fine, penalty, or forfeiture" payable to the Defendant. The only claim which has been asserted by Jackson County in this case is the

---

[31] *See* Amended Response to Motion for Contempt Citation and for Sanctions, ECF No. 34.
[32] *Id*.
[33] *See Nebraska v. Strong (In re Strong)*, 305 B.R. 292 (B.A.P. 8th Cir. 2004)(fines imposed against debtor for failing to comply with state environmental laws fell within § 523(a)(7)); *Pennsylvania v. Thebes (In re Thebes)*, 2011 WL 1239847 (Bankr. M.D. Pa. 2011)(finding that a civil penalty assessed against a Chapter 7 debtor for violating state environmental protection laws in connection with the operation of an illegal landfill was excepted from discharge as a 'fine, penalty, or forfeiture' under § 523(a)(7)); *United States v. Jones (In re Jones)*, 311 B.R. 647 (Bankr. M.D. Ga. 2004)(finding that a civil penalty assessed under the Clean Water Act was not "in compensation for actual pecuniary loss").

10

unsecured prepetition debt of $896.25 for monthly solid waste collection services. Because Jackson County had no fine, penalty, or forfeiture against Debtors adjudicated by a court of competent jurisdiction at the time of the commencement of the bankruptcy case or even on the date the Debtors' discharge was granted, the Defendant's claim against the Debtors was not excepted from discharge. The Discharge Order entered on July 8, 2019 relieved the Debtors' from their personal liability on the debt and the discharge injunction bars any act to collect the debt, as a personal liability of the Debtors, or to pressure the Debtors for payment.

Nevertheless, under the recent Supreme Court ruling in *Taggart v. Lorenzen*[34] and the Eleventh Circuit case of *Nationstar Mtg., LLC v. Roth (In re Roth)*,[35] the Court will not hold the Defendant in civil contempt because the Court finds that there was a fair ground of doubt as to whether the discharge order barred the Defendant's conduct under the circumstances of this case. In *Taggart,* the Supreme Court clarified when civil contempt sanctions under § 105(a) are appropriate to enforce the discharge injunction. The question before the Supreme Court concerned the legal standard for holding a creditor in civil contempt when a creditor attempts to collect a debt in violation of the discharge injunction.

The Supreme Court rejected both the strict liability standard applied by the bankruptcy court and the subjective standard applied by the Ninth Circuit. Under the strict liability standard, sanctions are appropriate if a creditor is both aware of the discharge order and intended the actions

---

[34] *See Taggart v. Lorenzen (In re Taggart)*, 139 S.Ct. 1795 (2019)(finding that a bankruptcy court may hold a creditor in civil contempt for violating the discharge injunction if there is "no fair ground of doubt" as to whether the order barred the creditor's conduct).

[35] *See Nationstar Mtg., LLC v. Roth (In re Roth)*, 935 F.3d 1270 (11th Cir. 2019)(finding that a post-discharge statement which the mortgage holder sent to the debtor did not violate the discharge injunction where the statement contained a prominent disclaimer reflecting that it was for informational purposes only).

11

Case 19-80930-CRJ7    Doc 40    Filed 11/04/19    Entered 11/04/19 15:36:07    Desc Main
Document      Page 11 of 13

taken in violation of the discharge whereas a creditor's good faith belief that the discharge order does not apply precludes a finding of contempt under the subjective standard.[36] Instead, the Supreme Court adopted an objective standard, stating "civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful."[37] Thus, §§ 524(a) and § 105(a) "authorize a court to impose civil contempt sanctions when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order."[38] The Supreme Court explained, however, that "civil contempt 'should not be resorted to where there is [a] *fair ground of doubt* as to the wrongfulness of the defendant's conduct.'"[39]

In *Roth,* the Eleventh Circuit applied the Supreme Court's objective standard, writing "[t]ogether sections 524(a)(2) and 105(a) 'authorize a court to impose civil contempt sanctions [for attempting to collect a discharged debt] when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order . . . 'a court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct.'"[40]

The Court has considered the post-discharge actions taken by Jackson County's enforcement officer and the applicable statutes and finds under the objective standard adopted by the Supreme Court, that there was a fair ground of doubt under the particular circumstance of this case as to whether the actions of Jackson County by its enforcement officer were lawful under the

---

| | |
|---|---|
| 36 | *In re Taggart*, 139 S.Ct. at 1799. |
| 37 | *Id.* at 1800. |
| 38 | *Id.* at 1801 |
| 39 | *Id.* |
| 40 | *In re Roth*, 935 F.3d 1270, 1275 (11th Cir. 2019) |

12

discharge order and, thus, no contempt citation or sanctions will be imposed if no further legal action is taken by Jackson County against the Debtors to collect any portion of the now discharged prepetition debt. Based upon the nature of the actions taken in connection with early attempts to enforce the Solid Wastes Disposal Act, a fair ground of doubt existed. Therefore, the Court concludes that civil contempt sanctions are not appropriate under the circumstances of this case.

## CONCLUSION

In summary, the Court finds that the prepetition debt owed by the Debtors to the Defendant was a general unsecured debt for solid waste collection services which was not excepted from discharge as a fine or penalty under § 523(a)(7). The debt was discharged when the Court entered the Debtors' discharge order on July 8, 2019. Pursuant to 11 U.S.C. § 524(a)(2), the Debtors were relieved from liability on the unsecured prepetition debt and Jackson County is permanently barred from collecting the debt. No civil contempt sanctions will be imposed, however, for the post-discharge actions because the Court finds that there was a fair ground of doubt under the circumstances of this case as to whether the actions of Jackson County by its enforcement officer were lawful under the discharge order.

The Court will enter a separate Order in conformity with this Memorandum Opinion.

**IT IS SO ORDERED** this the 4th day of November 2019.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

13